IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin Demetrius Henderson, <br><br> Plaintiff, <br><br> v. <br><br> South Carolina Dept. of Corrections, *Wateree Farms Institution*, <br><br> Defendant. | C/A No. 0:23-cv-1254-JFA-PJG <br><br><br> **ORDER** |

**I.     INTRODUCTION**

Marvin Demetrius Henderson ("Plaintiff"), proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The Complaint has been filed pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Magistrate Judge assigned to this action issued an order informing Plaintiff that the complaint contained several deficiencies as drafted and providing him with an opportunity to correct those deficiencies in an amended complaint. (ECF No. 10). Plaintiff was warned that failure to correct the deficiencies in his complaint would subject the case to dismissal. Plaintiff then filed an amended complaint. (ECF No. 21).

After reviewing the amended complaint, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 17). Within the Report, the Magistrate Judge opines that the amended complaint fails to state a claim and therefore this case should be summarily dismissed without prejudice and without issuance of service of process. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 16, 2023. *Id.* The Magistrate Judge required Plaintiff to file objections by May 30, 2023. *Id.* Thereafter, Plaintiff filed a motion for appointment of counsel along with a copy of the Report containing handwritten annotations. (ECF No. 23). The court construes these handwritten annotations as objections to the Report. Thus, this matter is ripe for review.

## II.   STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718

F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 17). In apparent response to the Report, Plaintiff submitted a copy of the Report with two handwritten annotations. These annotations underline certain parts of the Report and state: "DO NOT UNDERSTAND" and "DO NOT UNDERSTAND WHO I SHOULD SUE." (ECF No. 23-1). Plaintiff offers no other objections or response to the Report outside of these two statements. Plaintiff made no other attempts to correct the deficiencies in his pleadings. Thus, Plaintiff has failed to provide proper objections to the Report or otherwise show why this action should not be summarily dismissed.

Plaintiff's filing fails to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Plaintiff feels has been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Plaintiff has failed to offer any specific objections which would allow for a *de novo* review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

Even if this court were to construe Plaintiff's filing as specific objections, he has still failed to show why his amended complaint should not be dismissed for failure to state a claim as explained in the Report.

4

Additionally, Plaintiff's filing contains a renewed request for a court appointed attorney. (ECF No. 23). The Magistrate Judge carefully considered and denied a similar request earlier in this litigation. (ECF No. 17, p. 2 n.3). Plaintiff has offered no support which would lead to a different outcome. Thus, this motion is denied.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 17). For the reasons discussed above and in the Report, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

June 22, 2023                                                                 Joseph F. Anderson, Jr.
Columbia, South Carolina                                         United States District Judge

5